## THE REICHERT LINE.

### HORAN v. REICHERT TOWING LINES, Inc.

### SEABOARD SCOW CORPORATION v. SAME.

### GILDERSLEEVE CO. v. SAME.
#### Nos. 300–302.

Circuit Court of Appeals, Second Circuit.
April 3, 1933.

14

Park, Lynch & Hagen, of New York City (Anthony V. Lynch, Jr., Charles W. Hagen, and Henry C. Eidenbach, all of New York City, of counsel), for claimant-appellant.

Single & Hill, of New York City (George B. Warburton, of New York City, of counsel), for libelant-appellee.

William F. Purdy, of New York City (Edmund F. Lamb, of New York City, of counsel), for Seaboard Scow Corporation.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

It was alleged in all the libels that the tug negligently grounded the scows. The tug answered by denying all negligence and alleging that the scows took the ground because of a sudden shift in the wind and change in the weather while they were in the channel and the tug was trying to take them back to safety in the harbor. Thereupon a notice of a motion to amend the libel in the Seaboard Case was filed and also the Gildersleeve Case, but not in the Horan Case. These amendments charged the tug with fault in not going out into the Sound to ascertain conditions before trying to take out the tow and in not taking "into account the effect of the wind and tide in proceeding from Port Jefferson Harbor." Considerable stress has been placed by the appellant upon what are thought to be fatal variations between the allegations and the proof upon which the District Court reached the conclusion that the tug was at fault for taking the scows into the channel without first going out itself to ascertain whether conditions in the Sound were sufficiently favorable to warrant making the attempt.

It is true that a libel must state facts which if proved make out a cause of action and that the proof must conform to the allegations. Certain it is that the decree must be secundum allegata et probata. The Hoppet v. U. S., 7 Cranch (11 U. S.) 389, 3 L. Ed. 380; Goodrich Transit Co. v. Chicago (C. C. A.) 4 F.(2d) 636; Second Pool Coal Co. v. People's Coal Co. (C. C. A.) 188 F. 892; McKinlay v. Morrish, 21 How. (62 U. S.) 343, 16 L. Ed. 100.

But the true theory of these causes of action has, we think, been mistaken by the appellant. The allegations it now says were both necessary and absent relate only to matters of defense raised by the answers. A prima facie case against the tug was alleged in libels which set forth that the scows went aground while in tow of the tug and thereby received injury caused by the failure of the tug to tow them with due care. Such allegations put upon the tug the burden, when she admitted the grounding of her tow, of explaining that the grounding and consequent damage were not due to fault on her part. The Wyomissing (C. C. A.) 228 F. 186; The Westerly (C. C. A.) 249 F. 938; The Stirling Tomkins (C. C. A.) 56 F.(2d) 740; The Nat Sutton (C. C. A.) 62 F.(2d) 787; The Fred'k Lennig (C. C. A.) 45 F.(2d) 691; The Clarence P. Howland (C. C. A.) 16 F.(2d) 25; The Golden Age (C. C. A.) 6 F.(2d) 877. She attempted to make the required explanation by proving that she was caught in the channel by a sudden change in the wind and weather. The District Court did not consider the evidence sufficient to prove that the grounding was caused by such a change in weather conditions and neither do we. This, of course, made it inevitably follow that the tug took her tow from a place of safety at the stake boat and attempted what was foolhardy in trying to haul the scows to New York with conditions as they were in the Sound; but it followed not because the libelants were bound to allege and prove as much, but because, when the tug failed to prove a sudden change in weather conditions, the only possible alternative was to believe that the weather was as bad when she entered the channel as it was when her master decided to go back. The channel was only a few hundred yards long. Consequently, either his decision to go back was due to excessive timidity, which made the effort to return when in the narrow channel both unnecessary and lacking in due care for the safety of the scows or he ventured into the channel rashly without then exercising due care for the safety of his tow. What was said in the opinion below served to point out what was thought would have prevented the ill-fated attempt to leave the harbor. But, whether right or wrong, it went merely

to the defense, and, if disregarded, the prima facie case laid and made in behalf of each libelant still remains sufficient to support the decrees entered.

Affirmed.